FILED'06 MAY 17 15:28 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 02-438-RE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| RONALD EDWARD DAHLMAN, | |
| Defendant. | |

KARIN J. IMMERGUT
United States Attorney
FRANK NOONAN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Plaintiff

STEVEN T. WAX
Federal Public Defender
GERALD M. NEEDHAM
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

    Attorneys for Defendant

1  -   OPINION AND ORDER

REDDEN, Judge.

On March 23, 2006, the Ninth Circuit remanded this case for a determination under <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005), whether I would have imposed a different sentence had I been aware the federal sentencing guidelines were advisory and not mandatory.

Pursuant to a plea agreement, defendant pled guilty to one count of felon in possession of ammunition in violation of 18 U.S.C. § 641. A second count of felon in possession of a firearm was dismissed.

On September 25, 2003, I sentenced the defendant to 63 months imprisonment. The undisputed presentence report arrived at a Total Offense Level of 21, Criminal History Category VI. The sentencing range before departures was 77-96 months. I granted the government's motion for an additional 2-level downward departure for substantial assistance, resulting in a sentencing range of 63-78 months. Defendant moved for a further 2-level downward departure on the ground the criminal history category overstated the relative seriousness of his prior criminal history, which included five prior convictions for delivery and/or possession of a controlled substance, primarily methamphetamine. I denied that motion.

Defendant now argues that placing him in a criminal history category of VI was unusual and outside the heartland because his prior offenses were related to his drug addiction - none of them involved crimes of violence, assaultive behavior, or theft, and none resulted in incarceration for more than one year. Accordingly, the defendant seeks a sentence on remand of 57 months based on a criminal history category of V (range 57-71 months).

The government opposes the reduction, arguing that the original sentence was within the heartland and noting that the presentence report documents the defendant's repeated failure in the past to comply with terms of probation, including follow-through with court-ordered drug evaluations and treatment.

On this remand, I have carefully considered the record in light of <u>Ameline</u>, and remain satisfied that a sentence of 63 months was appropriate.

Based on this record, I would not have imposed a different sentence either at defendant's original sentencing even if the sentencing guidelines had been deemed advisory at the time.

Accordingly, I conclude there is no need for any further resentencing in this matter.

IT IS SO ORDERED.

DATED this 17th day of May, 2006.

／s／ James A. Redden
James A. Redden
Senior United States District Judge

3  -  OPINION AND ORDER